UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TIM MILLS, BY AND ON BEHALF OF NATHAN
MILLS, A MINOR                                                              PLAINTIFFS

v.                                                              CIVIL ACTION NO. 1:06CV39

ALCORN COUNTY SCHOOL
DISTRICT and RICKY GILLENTIN                                    DEFENDANTS

## ORDER

On June 15, 2006, this court issued an order acknowledging receipt of plaintiff's letter noting that he had terminated his counsel and requesting additional time to secure new counsel in order to respond to the pending motion to dismiss filed by defendant. In granting plaintiff a "final opportunity" to obtain counsel and respond to the motion, this court wrote as follows:

> While the court is aware of plaintiff's lack of legal expertise and inability to prosecute this case without counsel, the fact remains that plaintiff first sought, and was granted, an extension of time to respond to the motion to dismiss on April 27, 2006. This court will grant plaintiff a final opportunity to obtain counsel and to respond to the motion to dismiss, but no further extensions will be granted absent truly extraordinary circumstances. It is therefore ordered that plaintiffs has until July 17, 2006 to respond to the motion to dismiss.

Plaintiff has not notified this court that he has obtained counsel, and he has not filed any response to the motion to dismiss.

This court is cognizant of Fifth Circuit case law cautioning against granting dismissals with prejudice in cases where no response has been filed, absent a "clear record of delay or contumacious conduct." *Johnson v. Pettiford,* 442 F.3d 917, 918 (5th Cir. 2006). In this case, the

1

court does not conclude that plaintiff has knowingly attempting to delay these proceedings, but the simple fact is that he is not in a position to prosecute this lawsuit in spite of this court giving him full opportunity to do so. Accordingly, the court concludes that the proper course of action is to dismiss this action *without* prejudice to refiling at a later date.

It is therefore ordered that this action is dismissed without prejudice.

SO ORDERED, this the 13th day of September, 2006.

                         **/s/ Michael P. Mills**
                         **UNITED STATES DISTRICT JUDGE**